UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TEDI THOMAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:15-cv-01131-JAR |
| ) | |
| THE WASHINGTON UNIVERSITY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon Defendant The Washington University's ("University") Motion to Compel Discovery. (Doc. No. 30.) The motion arises from Plaintiff Tedi Thomas' ("Thomas") allegedly insufficient responses to the University's initial set of interrogatories and requests for production of documents. In response to the University's Motion, Thomas responds that, with regard to some disputed requests, Thomas has already fully responded, and with regard to some others, that she has "answered with respect to the information that she has available." See, e.g., Doc. No. 36 at 3. In response to individual requests, Thomas has also asserted various objections. (Doc. No. 22-1.) Upon review of the parties' briefing and the discovery requests propounded, the Court will grant the University's motion in substantial part.

**Factual and Procedural Background**

This matter was removed from the Circuit Court of the City of St. Louis on July 22, 2015. Plaintiff, a former employee of the University, alleges racial discrimination and retaliation under Title VII and the Missouri Human Rights Act. (Doc. No. 6.) The University has denied Plaintiff's claims, and has asserted counterclaims seeking declaratory judgments related to Plaintiff's assertions. (Doc. No. 4.)

Following correspondence from the University's counsel, Plaintiff served belated Rule 26(a)(1) disclosures and responses to the University's first sets of interrogatories and requests for

1

production of documents. (Doc. No. 30 at 1.) On December 11, 2015, University counsel sent a letter to Plaintiff's counsel detailing deficiencies in the responses and Rule 26 disclosures, to which Thomas' counsel did not respond. Id. at 2. Thomas' counsel also apparently failed to respond to a voicemail left by University counsel on December 22, 2015 regarding outstanding discovery issues. Id. The University subsequently filed the instant motion to compel responses.

## Legal Standard

The Federal Rules relating to discovery permit each party to serve the opposing party with document requests and interrogatories which relate to "any matter that may be inquired into under Rule 26(b)." Fed. R. Civ. P. 33(a)(2) and 34(a). Where a party fails to cooperate in discovery, the propounding party may move the Court "for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B).

## Analysis

Interrogatory No. 11 (Information Related to Medical Condition and Treatment): In Interrogatory No. 11, the University asks Thomas to state information regarding any "physical, mental or emotional illnesses or medical conditions of any kind" she has suffered. (Doc. No. 30-4 at 10-11.) Thomas provides some responsive information, but also objects to the interrogatory as overly broad and requesting confidential information unrelated to the litigation. Id. The University argues that the information requested is discoverable given that Thomas has alleged she "suffered and in the future will continue to suffer emotional distress, mental anguish, pain and suffering, inconvenience, loss of enjoyment of life." (Doc. No. 31 (citing Complaint).)

The Court agrees that, to the extent Thomas is alleging mental damages, the University is entitled to information regarding Thomas' medical and mental condition. The Federal Rules allow a party to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). The above-mentioned requests are relevant to Thomas' claims. Any concerns with regard to confidentiality can be remedied through a protective order.

Thus, Thomas' objections are overruled. The parties are ordered to formulate and stipulate to a proposed protective order, and Plaintiff is ordered to submit a full response to Interrogatory No. 11 **within ten (10) days** of the Court's entry of said protective order.

Interrogatory No. 7 (Computation of Damages): Interrogatory No. 7 requests a computation of the damages claimed by Thomas, information also required under Rule 26. Thomas has responded that certain elements of her damages calculation (punitive damages and emotional distress) are subjective, and that she needs additional information before providing lost wage and benefits calculations. (Doc. No. 30-4 at 6.)

Nonetheless, Thomas is required to disclose damage computations based on the information available to her—which, as the University highlights, should be sufficient to make an educated computation given that Thomas alone can speak to her length of unemployment following her work with the University, and her current salary. Even if this information must be supplemented at a future time, the Court agrees that the University is entitled to this information to the extent it currently exists pursuant to Rule 26.

Thomas is ordered to supplement her response **within ten (10) days** of this Order.

Interrogatory No. 3 (Criminal Record): The University's Interrogatory No. 3 requests information on Thomas' criminal history. Thomas has responded in part, but has mentioned "traffic tickets" and "misdemeanor violations" without providing the entirety of the information requested. (Doc. No. 30-4 at 3.) The University has requested that Thomas respond to the remainder of the request, including details of the incident(s).

The Court agrees that the University's requests are reasonable within the limitations of Rule 26(b)(1). Thomas' criminal history, if any, is discoverable and may serve to bolster or undermine Thomas' claims, or may provide impeachment evidence to the University.

Thomas is ordered to supplement her response **within ten (10) days** of this Order.

Interrogatory No. 9 (Current Employer): In Interrogatory No. 9, the University seeks information related to employment Thomas has held since the end of her employment with the University. Thomas provided general responses. (Doc. No. 30-4 at 8-9.) In Thomas' response to the University's instant motion, she states that the interrogatory is fully answered. (Doc. No. 36 at 4.) However, the University notes a discrepancy between Thomas' given answer and her produced resume.

Thomas is ordered to supplement her response as necessary to fully and accurately respond to the interrogatory posed **within ten (10) days** of this Order. If the interrogatory is fully and accurately answered in Thomas' current response, the University can seek clarification in deposition or through additional written discovery.

Document Request Nos. 19 and 20 (Social Media): These document requests seek data from social media websites "relating to your employment with the University or to the claims and allegations in the Complaint and Charges" for roughly the last six years. Thomas has objected to these requests as overbroad and irrelevant, and as seeking information that is confidential and unrelated to this lawsuit.

Again, the Federal Rules allow a party to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). The University's requests seek information relevant to their claims and fall within the limitations of Rule 26(b)(1), particularly given that they are targeted at information relating specifically to Thomas' employment. Thus, the parties are ordered to formulate and stipulate to a proposed protective order, and Plaintiff is ordered to submit a full response to Document Requests Nos. 19 and 20 **within ten (10) days** of the Court's entry of said protective order.

Document Request No. 7 (Tax Returns): The University's Document Request No. 7 seeks copies of Thomas' tax returns. Thomas has provided the requested the information with the exception of a tax return for the year 2014.

Thomas is ordered to supplement her response **within ten (10) days** of this Order by either providing the return in question or providing a necessary release so that the University may acquire the document.

Attorneys' Fees: Finally, the University has requested attorneys' fees for its time in preparing and litigating the instant motion to compel. The University met the Local Rules' requirement to attempt to meet and confer with opposing counsel prior to bringing a discovery-related motion by leaving an unreturned voicemail for opposing counsel. The Court finds, however, that the effort to meet and confer was minimal, and the issues raised in the instant motion could likely have been resolved through such a meeting. This weighs against an award of attorneys' fees.

Nonetheless, the Court will reserve its ruling on the issue of attorneys' fees in order to determine whether, as the case progresses, there is a pattern of deficient responses with regard to discovery. The parties are free to raise the issue in the future should such a pattern emerge.

**Conclusion**

**IT IS HEREBY ORDERED** that Defendant The Washington University's Motion to Compel is **GRANTED** as set forth herein. Plaintiff Tedi Thomas shall file supplemental responses to written discovery **within ten (10) days** of this Order or, if applicable, **within ten (10) days of the Court's entry of a stipulated protective order**.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**

Dated this 8th day of February, 2016.